UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,        Case No. 15-cv-4426 (ADM/TNL)

    Plaintiff,

v.        **ORDER**

Mark E. Herman, Brigadoon, LLC,
Roberta Lynne Herman, and
Hennepin County, Minnesota,

    Defendants.

---

This matter is before the Court upon Defendant Mark E. Herman's March 16, 2018 Notice of Bankruptcy Case Filing. (ECF No. 98). The parties were "directed to meet and confer[,] then submit a joint letter to this Court . . . concerning the effect on this litigation of Defendant Mark Herman's bankruptcy filing," including a "discussion of whether it is appropriate to hold the motion hearing on Defendant Roberta Herman's motion to compel." (ECF No. 99). The parties submitted their letter, with all parties except Defendant Roberta Herman agreeing that this litigation should be stayed pending the bankruptcy stay. (ECF No. 100). In reviewing the filings, and in exercising inherent authority to manage the docket, the Court finds it appropriate to enter an order staying this litigation until further order of the Court, absent one specific and temporally-limited carve-out explained below.

The filing of a bankruptcy petition triggers an automatic stay of, *inter alia*, the "continuation . . . of a judicial . . . action or proceeding against the debtor that was or

could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1). Thus, Defendant Mark Herman's bankruptcy filing triggers an automatic stay of the United States' suit against him under the Bankruptcy Code. Unresolved, however, is whether the United States' suit against Defendant Roberta Herman and the other defendants continues.

"The automatic stay does not, in general, apply to actions against third parties." *In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012); *Sav–A–Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) (holding that an automatic stay applicable to a defendant firm and one of its employees did not extend to nonbankrupt codefendants). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.'" *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *see C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1015 (N.D. Iowa 2001) ("Eighth Circuit caselaw . . . is illustrative of a generalized reluctancy to expand the scope of the automatic stay provision of the Bankruptcy Code and to limit any expansion to truly extraordinary cases."). Notwithstanding the Bankruptcy Code, a federal district court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Armstrong v. Mille Lacs Cnty. Sheriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) (citing *Landis v. American Water Works & Electric Co.*, 299 U.S. 248, 254–55 (1936)).

Here, the only remaining claim in this litigation seeks an order for sale of property owned by Defendant Mark Herman to satisfy federal tax liens. This remaining claim rests on a determination of the priority order of the various ownership interests in Mark Herman's property. The other defendants, Brigadoon, Roberta Herman, and Hennepin County, all assert some interest in the property the United States seeks to foreclose. As such, these parties are all inextricably intertwined with their co-defendant, Mark Herman. Because the United States' suit against Mark Herman cannot proceed by reason of the automatic bankruptcy stay, the Court finds that the United States' claim against Brigadoon, Roberta Herman, and Hennepin County should not proceed either. To try to resolve the disputes as to lien priority under the specific circumstance of this case without the participation of the property owner, Mark Herman, would be an exercise in futility and a tremendous waste of resources. Accordingly, the Court concludes that judicial economy commands a stay of the United States' action against all defendants in this action.

The Court does find, however, that a limited exception to the stay is appropriate. Roberta Herman originally moved in November 2016 to compel the United States to respond to her discovery requests related to her affirmative defense of equitable subrogation, (ECF No. 51), but that motion was denied as moot given the parties' settlement, (ECF Nos. 70, 71). Now that this litigation has been reopened, Roberta Herman has again moved to compel the United States to respond to her discovery requests. (ECF No. 87). A hearing is scheduled for March 22, 2018. (ECF Nos. 88, 97). The United States' responses to these discovery requests, if ordered, would relate only to

information the United States has or knows, such as when the United States became aware of Roberta Herman's marital lien. This information only relates to the United States and Roberta Herman, it would not require discovery from Mark Herman or any other defendant. Moreover, the information could prove useful in the bankruptcy proceeding where the parties are likely to make arguments concerning their lien interests in Mark Herman's property. Simply put, the discovery dispute between the United States and Roberta Herman will have no impact on Mark Herman; the dispute has been ongoing since November 2016; and the dispute and motion hearing were contemplated well before Mark Herman filed for bankruptcy. Therefore, the Court finds it appropriate that the motion hearing on Roberta Herman's motion to compel go forward as scheduled and, should any discovery be ordered produced as a result of that hearing, for that discovery to occur.

The Court reiterates that, outside the motion hearing and resulting order, this case is stayed in its entirety; the United States' claims are stayed and further litigation on Roberta Herman's affirmative defense is stayed. Absent relief from the automatic bankruptcy stay by the bankruptcy court or further order from this Court, no other litigation shall take place in this matter.

Based on the foregoing and all of the files, record, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. This proceeding is **STAYED** until further order of the Court, with the exception described herein.

2. All prior consistent orders remain in full force and effect.

5

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: March 21, 2018                                  *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *United States v. Herman, et al.*
                                                      Case No. 15-cv-4426 (ADM/TNL)